EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por delito comprendido en el artículo 16 de la Ley de Indemnizaciones a Obreros.

No. 1200.—Resuelto en abril 8, 1918.

ALEGATO DEL APELANTE—FALTA DE PRESENTACIÓN—ERRORES FUNDAMENTALES.—Es una mala práctica que los apelantes no presenten sus alegatos escritos como ordena la Regla 42 de las de este Tribunal Supremo, y cuando ello sucede sólo serán examinados los errores fundamentales.

LEY DE INDEMNIZACIONES A OBREROS—JUICIO POR JURADO.—Acusado el apelante de un delito comprendido en el artículo 16 de la Ley de Indemnizaciones a Obreros, no tenía derecho a ser juzgado por jurado.

ID.—ACUSACIÓN SUFICIENTE.—Una acusación en que se alega que el acusado tiene una panadería donde regularmente trabajan 6 obreros, cuyos jornales no exceden de $1,200 anuales; que no había rechazado los beneficios de la Ley de Indemnizaciones a Obreros y que voluntaria e ilegalmente dejó de presentar a la Comisión de Indemnizaciones a Obreros un estado duplicado expresando el número de obreros empleados por él que tenían derecho a los beneficios de la ley y el total de sus haberes durante el año económico anterior, contiene todos los hechos necesarios para constituir el delito comprendido en el artículo 16 de la Ley de Indemnizaciones a Obreros.

ID.—OBRERO—EMPLEADO—ALCANCE DE DICHAS PALABRAS.—Las palabras obrero o empleado según el artículo 32 de la Ley de Indemnizaciones a Obreros, deben interpretarse en el sentido de incluir cualquier persona empleada por un patrono y que tenga derecho a los beneficios de la ley, sea hombre, mujer o niño.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Santiago B. Palmer* y *V. Polanco de Jesús.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En la Corte de Distrito de Arecibo se formuló acusación por su Fiscal el 28 de abril de 1917 contra José Martínez Reventós por delito *misdemeanor* comprendido en el artículo 16 de la "Ley de Indemnizaciones a Obreros," aprobada en 13 de abril de 1916, y en ella se consignan los siguientes hechos:

"Que el dicho José Martínez Reventós tiene en la actualidad y ha tenido desde antes del 15 de junio de 1916, una panadería en el pueblo de Ciales, donde regularmente trabajan seis obreros cuyos jornales no exceden de la suma de $1,200 anuales, no habiendo en ningún tiempo el referido José Martínez Reventós rechazado los beneficios de la 'Ley de Indemnizaciones a Obreros.'

"Que el acusado José Martínez Reventós, en Ciales, dentro del Distrito Judicial de Arecibo, P. R., voluntaria e ilegalmente, en o antes del 15 de julio de 1916, dejó de presentar a la Comisión de Indemnizaciones a Obreros un estado duplicado bajo juramento, expresando el número de obreros empleados por él que tenían derecho a los beneficios de la 'Ley de Indemnizaciones a Obreros,' el total de sus haberes durante el año económico anterior y demás requisitos requeridos por la Comisión de Indemnizaciones a Obreros."

El acusado solicitó de la corte el sobreseimiento de la causa alegando tener derecho a ser juzgado por jurado a virtud de la Enmienda V de la Constitución de los Estados Unidos, y su petición fué desestimada, habiendo tomado excepción contra tal resolución.

Opuso después la excepción de que los hechos relatados en la acusación no constituían delito y la corte desestimó igualmente la excepción alegada, habiendo sido excepcionada esa resolución.

Celebrado el juicio la representación del acusado hizo moción verbal de *non suit* bajo el fundamento de que los hechos contenidos en la acusación no habían sido probados por el Fiscal, moción que igualmente fué declarada sin lugar.

La corte dictó sentencia en 1°. de junio de 1917, por la que declara al acusado José Martínez Reventós culpable del delito de infracción a la sección 16 de la "Ley de Indemnizaciones a Obreros" y le impone la pena de multa de $500 y pago de costas, debiendo ser encarcelado por falta de pago y permanecer un día en reclusión por cada dollar que deje de satisfacer, sin que el término de la reclusión pueda exceder de noventa días.

Interpuesto por el sentenciado recurso de apelación contra la sentencia pronunciada fué archivada en la secretaría de esta Corte Suprema la transcripción de autos, en la que figura un pliego de exposición del caso y de excepciones, pero en apoyo del recurso no se ha presentado alegato alguno aún cuando el acusado en el acto de la vista tuvo abogado que asistiera a ella.

Ya hemos dicho anteriormente ser una mala práctica que los apelantes no presenten sus alegatos escritos como ordena la Regla 42 de las de este Tribunal Supremo y que cuando ello sucede sólo examinaremos los errores que sean fundamentales. *El Pueblo* v. *Colón,* 17 D. P. R. 1011, *El Pueblo* v. *Carrillo,* 19 D. P. R. 366, *El Pueblo* v. *Calderón,* 19 D. P. R. 934, *El Pueblo* v. *Laureano,* 20 D. P. R. 7, y *El Pueblo* v. *Pietri,* 22 D. P. R. 646.

De acuerdo con la anterior doctrina examinaremos por ser errores fundamentales, el de falta de jurisdicción de la Corte de Distrito de Arecibo, y el de que los hechos consignados en la acusación no son constitutivos de delito.

En cuanto al primer error fundado en el derecho alegado por el acusado a ser juzgado por jurado, cae por su base ante las resoluciones recientes de la Corte Suprema de los Estados Unidos dictadas en 21 de enero del corriente año, en los casos de *certiorari* de José Muratti y de *habeas corpus* de Carlos Tapia.

Y por lo que atañe a la excepción de que los hechos consignados en la acusación no son constitutivos de delito, la consideraremos con relación a la ley aplicable al caso.

El artículo 16 de la Ley No. 19 para Indemnización a Obreros, aprobada en 13 de abril de 1916, contiene textualmente en sus incisos 1º. y 2º., los siguientes preceptos:

"Será deber de todo patrono de obreros, con derecho a los beneficios de esta Ley, y que no haya optado por rechazar los beneficios de la misma, el presentar a la Comisión de Indemnizaciones a Obreros, el día quince de julio de cada año, o antes de dicha fecha, un estado por duplicado, bajo juramento, expresando el número de obreros empleados por dicho patrono y que tenían o habrían tenido derecho a los beneficios de esta Ley, si ésta hubiera estado en vigor y el patrono no hubiere optado por rechazar los beneficios de la misma, así como también la cantidad total de jornales pagados a dichos obreros durante el año económico anterior, y aquellos otros informes que con respecto a los jornales de dichos obreros se requirieran por la comisión.

"El dejar de presentar tal estado en la fecha arriba especificada, o antes de dicha fecha, constituirá delito menos grave (*misdemeanor*) castigable con multa de no menos de cincuenta ni más de quinientos dólares, a juicio de la corte."

Y el rechazamiento de los beneficios de la ley por parte del patrono, según el artículo 23, debe significarse a la Comisión de Indemnizaciones a Obreros mediante la presentación de declaración escrita el día 15 de junio de 1916 y el 30 de abril, o antes de dicha fecha, en cada uno de los años siguientes.

De acuerdo con el artículo 3º. de la ley citada, ésta no será aplicable a ningún patrono que regularmente emplee menos de cinco obreros, ni a ningún obrero cuyos jornales excedieren de la suma de $1,200 anuales.

Ahora bien, en la acusación se alega que Martínez Reventós tenía en 28 de abril de 1917 y había tenido desde el 15 de junio del año anterior, una panadería en el pueblo de Ciales, donde regularmente trabajaban seis obreros, cuyos jornales no excedían de $1,200 anuales; que Martínez Reventós no había rechazado los beneficios de la "Ley de Indemnizacio-

nes a Obreros'' y que voluntaria e ilegalmente dejó de presentar a la Comisión de Indemnizaciones a Obreros un estado duplicado expresando el número de obreros empleados por él que tenían derecho a los beneficios de la ley y el total de sus haberes durante el año económico anterior. Esos son los elementos integrantes del delito comprendido en el artículo 16 de la ''Ley de Indemnizaciones a Obreros'' y por tanto la acusación contiene todos los hechos necesarios para constituir dicho delito.

Hemos examinado además la evidencia aportada al juicio y de ella resulta, según declara el testigo Oscar Cruzado, que Martínez Reventós era en 15 de junio de 1916 dueño de una panadería en Ciales, en donde trabajaban seis empleados, cuatro hombres y dos muchachos, ganando el que más un jornal de $1.50. Y que el acusado no rechazó en forma debida los beneficios de la ''Ley de Indemnizaciones a Obreros'' y dejó de archivar los informes ordenados, lo afirma el testigo Vicente Laborde, Secretario Administrativo de la Comisión de Indemnizaciones a Obreros, que es el que tiene a su cargo el archivo de esa comisión.

Nada importa que la panadería tuviera tres departamentos, a saber, uno para depósito, otro para la elaboración del pan y otro para horno, siendo como es indiferente para el caso que unos trabajaran en un departamento y los demás en otros, así como también es indiferente que dos de los que trabajaban fueran muchachos, pues las palabras obrero o empleado, según el artículo 32 de la ley, deben interpretarse en el sentido de incluir cualquier persona empleada por un patrono y que tenga derecho a los beneficios de la ley, sea hombre, mujer o niño.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.